**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES C. GODFREY,

      Petitioner-Appellant,

v.

EARLE HOBBY, Warden, C.U.C.F.,

      Respondent-Appellee.

No. 00-4122
(D.C. No. 99-CV-99)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

      Petitioner James C. Godfrey, a prisoner of the State of Utah appearing

pro se, was convicted of one count of aggravated kidnaping and one count of

aggravated sexual abuse of a child. He appeals from the denial of his petition for

habeas corpus filed under 28 U.S.C. § 2254. Because the district court denied his

application for a certificate of appealability ("COA"), he has filed an application

---

\*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

for COA in this Court. See 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The magistrate judge filed a Report and Recommendation on April 26, 2000 recommending that habeas relief be denied. The district court adopted the magistrate judge's recommendation in an order filed June 16, 2000. Petitioner argues on appeal that: (1) he was arrested without probable cause; (2) he did not have a full and fair opportunity to litigate his Fourth Amendment claim in the state courts; (3) the trial court admitted evidence of prior bad acts in violation of the Utah rules of evidence; (4) the trial court admitted evidence of prior bad acts in violation of his Fourteenth Amendment right to due process of law; (5) he received ineffective assistance of appellate counsel in violation of the Sixth Amendment; (6) the magistrate judge erred by concluding that his claim of ineffective assistance of trial counsel was not raised in his petition for certiorari to the Utah Supreme Court and recommending that it be held procedurally barred; (7) the magistrate judge erred by recommending that his claim of ineffective assistance of trial counsel was without merit; (8) the compulsory process clause of the Sixth Amendment was violated by trial and appellate counsel's failure to obtain and present impeachment and exonerating testimony to counter perjured prosecution testimony; (9) the magistrate judge erred by failing to rule on his

pro se "Motion for Further Transcripts and Proceedings" and his "'Franks'

Motion for an Evidentiary Hearing" [1]; and (10) the district court erred by failing to

make a de novo determination of the record.

Because petitioner is pro se, we construe his pleadings liberally.        Haines v.

Kerner, 404 U.S. 519, 520–21 (1972) (per curiam).  The standard of review we

apply to petitioner's claims of error depends on whether the state courts addressed

them on their merits.    Hale v. Gibson  , 227 F.3d 1298, 1309 (10th Cir. 2000).

"If the state courts have not heard [a] claim on its merits, we review the district

court's legal conclusions de novo and its factual findings, if any, for clear error."

Id.  "If the state courts have addressed [a] claim on its merits, we review the state

court ruling under the standard enunciated under 28 U.S.C. § 2254."        Id.

The state courts addressed petitioner's first and third claims of error on

their merits.  Therefore, we review them under the same standard the magistrate

judge used.   See 28 U.S.C. § 2254(d) (providing for habeas relief from the

judgment of a state court only when the adjudication of a claim involved an

"unreasonable application of clearly established Federal law" or was "based on an

unreasonable determination of the facts in light of the evidence presented").

Based on our review of the parties' materials and the record on appeal, we affirm

---

[1]      See Franks v. Delaware  , 438 U.S. 154 (1978).

on these issues for substantially the reasons stated by the magistrate judge in his thorough Report and Recommendation and adopted by the district court.

We review petitioner's second, fourth, fifth, sixth, seventh, and eighth claims de novo. Again, having conducted an independent examination of the record, we affirm on these issues for substantially the reasons given by the magistrate judge in his Report and Recommendation and adopted by the district court.

Finally, we turn to petitioner's ninth and tenth claims. The magistrate judge denied petitioner's pro se "Motion for Further Transcripts and Proceedings" in an order filed March 6, 2000. (R. Doc. 14.) The magistrate judge denied petitioner's "'Franks' Motion for an Evidentiary Hearing" in an order filed on May 3, 2000. (R. Doc. 16.) Therefore, petitioner's claim that the magistrate judge failed to rule on these motions is without merit.

The district court did not specifically state that its review was de novo. However, "[w]e assume that the district court performed its review function properly in the absence of evidence to the contrary." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Petitioner offers no evidence to support his argument that the district court failed to conduct the proper de novo review. We therefore reject this claim of error.

Petitioner's application for COA is denied, and the appeal is DISMISSED.

Entered for the Court


Carlos F. Lucero
Circuit Judge